## WESTERN AND SOUTHERN LIFE INSURANCE COMPANY *v.* ANGEL.

[No. 11,109.   Filed March 9, 1922.]

1. INSURANCE.—*Life Insurance.—Representations as to Applicant's Health.—Treatment by Magnetic Healer.*—In an action on a life policy, testimony by a magnetic healer that insured had visited him several weeks before the policy was issued, and that she was then in ill health, *held* not to contradict statements in her application that she had not been attended by a physician in ten years, etc. p. 668.

2. INSURANCE.—*Life Insurance.*—*Statements in Application.*—*Veracity.*—*Evidence.*—In an action on a life policy, evidence *held* sufficient to justify the jury in finding that insured was in good health when the policy was issued, and that she had not been attended by a physician for ten years prior thereto, as stated in her application. p. 668.

3. APPEAL.—*Review.*—*Harmless Error.*—*Instructions.*—In an action on a life policy, where the evidence showed that insured was in good health when the policy was issued, and had not been attended by a physician for ten years prior to that time, an instruction, that if she did not know of her malady, plaintiff could recover, even if erroneous, was harmless. p, 668.

4. APPEAL.—*Waiver of Error.*—*Briefs.*—Questions to which no proposition or point is addressed are waived. p. 669.

From Vanderburgh Superior Court; *Robert J. Tracewell*, Judge.

Action by Zula Angel against the Western and Southern Life Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Edmund L. Craig*, for appellant.

*Stone & Kreuzberger*, for appellee.

NICHOLS, J.—Action by appellee against appellant to recover $500 upon a policy of insurance issued by appellant on June 9, 1919, to the daughter of appellee in which policy appellee was named as beneficiary.

The complaint sets up the policy of insurance and alleges the death of the insured, the performance of all of the conditions of the contract and appellant's refusal to pay.

There was an answer in three paragraphs, the first of which was withdrawn before trial. The second alleged as a defense that the insured executed an application for insurance on May 25, 1919, in which, in answer to certain questions, she stated that she was last sick in 1909, of typhoid fever at which time Dr. Bryan was her attending physician; that she was at the time of the application in sound health and had never had

any serious illness except as above stated; that she had at the time no physical or mental infirmity; that she had not been attended by a physician for ten years at which time she had typhoid fever; and that Dr. Bryan was her last attending physician. It was averred that the foregoing answers were false, that the insured was sick after 1909, that she had other physicians than Dr. Bryan during such time, that she was not in sound health at the time of the execution of the application, and that she had had, previous thereto, a serious illness and disease not named in the application.

The third paragraph contains the same averments as the second except that it quotes from the policy to the effect that no obligation was assumed by the company unless at the date of the delivery of the policy the insured was alive and in sound health, and then avers that at the time of such delivery she was not in sound health, being at the time afflicted with a serious disease, which continued to exist until it caused her death; that she had consulted physicians theretofore, and had been informed of her condition but that for the purpose of obtaining the insurance policy she concealed such information from appellant.

There was a reply in denial to these two paragraphs of answer, a trial by jury, a verdict in favor of appellee, from the judgment on which, after motion for a new trial was overruled, appellant prosecutes this appeal, assigning as error the action of the court in overruling the motion for a new trial.

There is much discussion in the briefs, both of appellant and of appellee, as to whether the answers alleged in the second paragraph of answer constitute warranties or representations. But as we view the evidence in this case such question is not material. There is no evidence, either direct or indirect, that the insured had been attended by a physician at any time from the

occasion of her typhoid fever in 1909 to May 26, 1919, the date of the application, or thereafter till May 31, 1919, the date of the medical examiner's certificate.

Dr. Knapp testified that he treated the insured for the first time on June 9, 1919, and Dr. Bryan testified that he examined her sometime during the summer of 1919, but he did not know when.

One witness who was not a physician, but who was a magnetic healer testified that the insured visited her in April before the insurance policy was issued, and that she was then in ill health, but the jury evidently disregarded this testimony. Certainly it was not evidence that she had been attended by a physician prior to the date of her application, nor does it contradict the insured's statement that she was in sound health, and that she had no physical or mental defects or infirmities at the time of her application which was dated May 26, 1919, nor did such testimony necessarily show that the insured had a serious illness or disease before the time of her application. Dr. Rothrock who was the examining physician, at the time of the issuance of the policy, and we assume employed by appellant, stated that he believed the applicant had truthfully answered the questions propounded to her, that she had never had any severe illness or injury, and that he recommended the acceptance of her application. The foregoing evidence fully justified the jury in finding, as it did by its general verdict, that the insured was in good health at the time of the issuance of her policy, and that she had not been attended by a physician for the past ten years. Under this condition of the evidence, instruction No. 4 to the effect that if at the time of her application the insured did not know of the malady that would jeopardize her policy, plaintiff could recover, even if erroneous, was harmless. Other instructions

are challenged, but we hold that all of the instructions as an entirety fairly stated the law to the jury.

Appellant has waived any question presented by its third paragraph of answer as to whether the insured was at the date of the policy, which was June 9, 1919, and at the time of its delivery in sound health, and as to whether she was at that time afflicted with a certain disease which continued to exist and afterward caused her death. There is no proposition or point devoted to this question. All of such points from one to five inclusive are upon questions of representation or warranty, and the sixth and last point states the general proposition that the giving of a correct instruction does not cure the giving of an erroneous one contradictory thereto. All questions therefore, as to the condition of the health of the insured at the date of policy and at the time of its delivery, are waived.

We find no reversible error. The judgment is affirmed.